IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| THOMAS LAILE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13-cv-199-HLM |
| | ) |
| GC SERVICES, LP, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, THOMAS LAILE (Plaintiff), through his attorney, HORMOZDI LAW FIRM, LLC, alleges the following against Defendant, GC SERVICES, LP, (Defendant):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k of the FDCPA.

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

1

## PARTIES

5. Plaintiff is a natural person residing in the Fairmount, Gordon County, Massachusetts.

6. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*.

7. Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*.

9. Within one (1) year of Plaintiff filing this Complaint, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a Delaware Limited Partnership with its headquarters in Houston, Harris County, Texas.  *See* Defendant's Answer, Document No. 8, ¶12, 2:13-cv-11710-MOB-RSW.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties. *See* Defendant's Answer, Document No. 8, ¶16, 2:13-cv-11710-MOB-RSW.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect a Chase consumer debt from Plaintiff, account number ending in 1752, Defendant's file number 0131870 ("Account").

18. The alleged debt owed on the Account arises from transactions for personal, family, and household purposes.

19. Defendant's collector, I. Tittle, communicated with Plaintiff regarding the Account on or about July 4, 2013.

20. Defendant's collector, I. Tittle, reviewed the letter dated July 4, 2013, prior to it being mailed to Plaintiff.

21. Defendant's collector, I. Tittle, was working within the scope of her employment when she communicated with Plaintiff in an attempt to collect on the Account.

22. Defendant's collector, I. Tittle, called Plaintiff at 404-787-97xx in an attempt to collect on the Account.

23. Within one (1) year of Plaintiff filing this Complaint, Defendant's collector, I. Tittle, communicated with Plaintiff in an attempt to collect on the Account.

24. Within one (1) year of Plaintiff filing this Complaint, I. Tittle left Plaintiff a voicemail message regarding the Account.

25. Within one (1) year of Plaintiff filing this Complaint, I. Tittle left the following voicemail message for Plaintiff, "Hello, this message is for Thomas Laile. My name is [inaudible] Tittle. I would appreciate you calling me back. You can reach me at 866-

391-0768, extension 5091. Thank you."

26. Defendant's collector, I. Tittle, was working within the scope of her employment when she communicated with Plaintiff in an attempt to collect a debt.

27. I. Tittle's message for Plaintiff did not state that the call was from GC Services, LP.

28. I. Tittle's message for Plaintiff did not state that I. Tittle's was attempting to collect a debt.

29. I. Tittle's is familiar with the FDCPA.

30. I. Tittle's knows the FDCPA requires debt collectors to identify the company's name when placing a telephone call.

31. I. Tittle's knows the FDCPA requires debt collectors to state the communication is an attempt to collect a debt when leaving consumers a voicemail message.

32. The telephone number of 866-391-0768 is one of Defendant's telephone numbers.

33. Defendant maintained a Call Detail Search regarding Plaintiff's Account.

34. Defendant maintained an Account Detail Listing regarding Plaintiff's Account.

35. Defendant maintains an insurance policy with CNA under which CNA may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

36. Defendant recorded all of its telephone communications with Plaintiff regarding the Account.

37. Defendant recorded all of its telephone communications with third parties regarding the Account.

38. Defendant has in its possession audio recordings made in connection with Defendant's efforts to collect the debt at issue in this matter.

39. In the normal course of business, Defendant does not retain copies of the actual letters it sends to various debtors.

40. Here, Defendant did not retain copies of the actual letters it sent to Plaintiff regarding the Account.

41. Paul Grover, Vice President of Client Management Group for Defendant, has discoverable information regarding the day-to-day business activities and functions of Defendant.

42. Specifically, Paul Grover has information regarding Defendant's policies and procedures regarding voicemail messages Defendant leaves for consumers and for third parties.

43. Additionally, Paul Grover has information regarding Defendant's anticipated affirmative defenses.

44. Specifically, Paul Grover has information regarding Defendant's anticipated bona fide error defense.

45. Per the nationwide PACER records, Defendant has defended approximately two-hundred (200) lawsuits throughout the nation in the last year prior to the date Plaintiff filed this Complaint.

46. Within one (1) year of Plaintiff filing this Complaint, Defendant has plead a Bona Fide Error Affirmative Defense in every Answer it filed in an FDCPA case.

47. In the last three (3) years, Defendant has had 271 Complaints filed against it with the Better Business Bureau.

48. Defendant has a pattern and practice of not complying with the FDCPA when it leaves voicemail messages for consumers.

49. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message

in Case Number 2:13-cv-11710-MOB-RSW.

50. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 2:12-cv-02637-FJM.

51. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 1:13-cv-00084-BLW.

52. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 1:13-cv-03570-NGG-CLP.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

53. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

    b. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant's collector, I. Tittle, left Plaintiff a message and failed to state that call was from GC Services, LP.

    c. Defendant violated *§1692e* of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    d. Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

    e. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in a voicemail message that Defendant's collector, I. Tittle, left Plaintiff that the

communication was from a debt collector.

WHEREFORE, Plaintiff, THOMAS LAILE, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

54. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

55. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

56. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

August 23, 2013                By: /s/ Shireen Hormozdi
                               Shireen Hormozdi
                               Hormozdi Law Firm, LLC
                               1770 Indian Trail Lilburn Road
                               Suite 175
                               Norcross, GA 30093
                               Tel: 678-395-7795
                               Fax: 866-929-2434
                               E-mail: shireen@hormozdilaw.com
                               Attorney for Plaintiff